McCALEB, Justice
(dissenting in part).
In line with the dissenting opinion heretofore filed by me in this case, I subscribe to the view of the majority on rehearing that the City of New Orleans is given express authority by Section 8(1) of the Old City Charter, Act 378 of 1948, to change the destination of public property when authorized to do so by a two-thirds vote of the Commission Council, save in certain cases. By this ruling, the Court has effectively corrected the principal error of the original opinion.
*273 On the other hand, I see no valid reason for the conclusion reached by the Court denying the City the relief prayed for, which was granted by the District Court, on the theory that Commerce Place is a “public square” and, therefore, comes within the proviso contained in Section 8(1) of the Charter “that no designations of any property as a public park or public square, * * * shall be changed without the approval in writing of seventy per cent (70%) of the property owners within a radius of three hundred (300) feet of such property, * * * (Italics mine.)
In the first place, as stated in my previous dissent, there is nothing in the pleadings, stipulation of facts or exhibits which defines or describes Commerce Place as a public square and it is not contended by either litigant that the property was designated as such or has been used for such a purpose. Indeed, when the case was orally argued on rehearing, counsel for defendant stated, in response to a question from the Bench, that he was not contending that it was a public square or park.
In these circumstances, it appears to me that the present decision deprives the City of its day in Court, giving it no chance whatever to refute the correctness of the ruling which, as I view it, is grounded on the assumption that all public places are necessarily public squares, or even to assail the validity of the proviso which delegates to a few property owners the right to veto the action of the duly constituted authorities representing the people of the City.[1] A more equitable procedure would seem to dictate a remand of the case for the amendment of pleadings and admission of evidence.
In addition, to characterize Commerce Place as a public square because Corpus Juris broadly defines a square to be an open *275 area in a City, or because some experts testified in another case decided by this Court that the designation “Place” before a name denoted a public square,[2] is clearly erroneous in my opinion and has the effect of making the proviso apply in all cases, even for streets and sidewalks bordering on public places, thus substituting the proviso in place of the permissive grant.
The only evidence in the case touching upon the use of Commerce Place is found in a letter from the Secretary of the Board of Assessors to the Assistant City Attorney, which was admitted without objection, showing that it has been considered as a neutral ground adjoining the abutting streets. The dedicatory plat would, in itself, repel the idea that the property was at any time designated as a public square. It shows that it was designated as “Place du Commerce” which, translated from the French, is a place where persons gather for the transaction of business, trade and commerce. See Spiers & Surenne’s French and English Pronouncing Dictionary. A public square connotes the idea of a place for recreation and play and, as applied to a municipality, a recreational place bounded by city streets.
For these reasons, I respectfully dissent.

. Several years ago I pointed out in a dissenting opinion on rehearing in State ex rel. Murtagh v. Department of City Civil Service, 215 La. 1007, 42 So.2d 65, that the rule that this Court would not consider points which are not either urged or adjudicated upon in the District Court or raised and argued before this Court “ * * * has been breached when the court was inclined to do so, * * See 215 La. at page 1044, 42 So.2d at page 77. In that ease, the Court had granted the City of New Orleans a rehearing for the express purpose of considering the question of whether the relator was entitled to receive some $5,700 in salary for which he had rendered no service whatever. Yet it was held on rehearing that, since the City had not previously questioned the propriety of the judgment on that ground, it would not be considered. I thought that case formed an exception to the rule which yields when the refusal of the rehearing would work manifest injustice.
In the case at bar, however, the Court, without referring to its decision in the Murtagh case, fails to follow the rule it invoked therein. The applicability of the doctrine to this case, unlike the Murtagh case, seems most pertinent as it is difficult to perceive why an adjudication favorable to the City on the issues presented for determination herein could possibly work any injustice to the defendant.

. These generalities are not very impressive when it is considered that New Orleans, like most other cities, has many public streets designated as “Place,” such as University Place, Exchange Place, etc.